UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWSON DOUGLAS SHAVER,

      Petitioner,

v.

NOAH NAGY,[1]

      Respondent.

_____

CASE NO. 23-11573

HON. SHALINA D. KUMAR

MAG. JUDGE KIMBERLY
G. ALTMAN

## ANSWER IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

---

[1] The only proper respondent in a habeas case is the prisoner's custodian, which in the case of an incarcerated state petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 U.S.C. § 2254. Therefore, this Court should substitute Warden Melinda Braman in the caption of this case since she is now the warden at the facility where Shaver is incarcerated.

# TABLE OF CONTENTS

Introduction ................................................................................1

    Statements in Compliance with Habeas Rule 5(b) ..........................3

       A.    Statute of Limitations.................................................3

       B.    Exhaustion.................................................................3

       C.    Procedural Default ......................................................3

       D.    Non-retroactivity Doctrine..........................................3

Statement of the Case ....................................................................4

Standard of Review Pursuant to AEDPA ..........................................6

Argument ..................................................................................12

I.     Shaver's first habeas claim – error in plea taking process related to sex offender registry – is unexhausted and not cognizable on habeas review.  Moreover, Shaver has failed to adhere to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and he has failed to show that the state court adjudication of this claim was either contrary to or an unreasonable application of clearly established Supreme Court precedent. ..........................................12

       A.    Shaver has failed to adhere to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts....................................................12

       B.    To the extent Shaver alleges an error that occurred prior to entering his guilty plea, this claim is not cognizable on habeas review...............................13

       C.    To the extent that Shaver claims his plea was not knowingly and voluntarily made due to the alleged failure to provide notice of imposition prior to his plea,

this claim has not been properly exhausted and is
without merit..........................................................................14

D.    Shaver's claim is non-cognizable, and he has failed to
show that the state court determination in this case
was contrary to or an unreasonable application of
clearly established Supreme Court precedent......................19

Conclusion............................................................................................25

Relief ...................................................................................................30

Certificate of Service ..........................................................................31

## INTRODUCTION

Petitioner, Douglas Shaver, climbed into bed with a 12-year-old girl with the intent of engaging in sexual acts.

As a result of his Gladwin County plea-based conviction of accosting a minor for immoral purposes contrary to Mich. Comp. Laws § 750.145a, the State now holds Shaver in custody in the Michigan Department of Corrections.  Shaver is currently serving a sentence of 2-4 years in prison.[2]

Shaver commenced this action under 28 U.S.C. § 2254 by filing a petition with this Court.  The State understands the petition to be raising the following claims:

I.      Sex offender registry was not clearly stated on the record.

Should the Court interpret the petition to be raising different claims, the State requests an opportunity to file a supplemental pleading.  To the extent that Shaver failed to raise any other claims

---

[2] Shaver was originally sentenced to 1 year in jail with credit for 249 days served and 5 years' probation.  Less than seven months later, Shaver pled no contest to three probation violation counts, including violation of the SORA act, to which he was sentenced to 2-4 years in prison.

that he raised in the state courts, those claims are now abandoned. *See Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003) (holding that an issue is abandoned if a party does not present any argument respecting the issue in his brief). Thus, habeas review of abandoned claims is barred.

The State now answers the petition and requests that it be denied.

## STATEMENTS IN COMPLIANCE WITH HABEAS RULE 5(b)

With respect to the bars that preclude habeas review, the State asserts the following in conformance with Habeas Rule 5(b):

### A.      Statute of Limitations

The State is not arguing that any of Shaver's habeas claims are barred by the statute of limitations.

### B.      Exhaustion

The State asserts that Shaver has not exhausted claim I in the state courts as more fully discussed below.

### C.      Procedural Default

The State is not arguing that consideration of any of Shaver's habeas claims is barred by an unexcused procedural default.

### D.      Non-retroactivity Doctrine

The State is not arguing that consideration of any of Shaver's claims is barred by the non-retroactivity doctrine.

## STATEMENT OF THE CASE

Shaver plead guilty to accosting a minor for immoral purposes,
and plead guilty to multiple different probation violations while he was
on probation for the accosting a minor conviction.  As a result of those
probation violations, the trial court sentenced him to 2-4 years in
prison.

Following his conviction and sentence of the probation violation,
Shaver filed an application for leave to appeal in the Michigan Court of
Appeals, which raised the following claims:

I.    The order for defendant to be subject to SORA is
      invalid; SORA is not indicated on the judgment,
      rendering this provision unenforceable.

II.   Is MCL 769.1K(1)(B)(III) unconstitutional because it
      undermines criminal defendants' rights to appear
      before a neutral judge and prevents the judicial branch
      from accomplishing its constitutionally assigned
      functions of maintaining neutrality in criminal
      proceedings and in self-regulation.

The Michigan Court of Appeals affirmed Shaver's conviction in a
summary order.  (1/24/2023 Mich. Ct. App. Order at 1.)

Shaver subsequently filed an application for leave to appeal in the
Michigan Supreme Court which raised the same claims as in the
Michigan Court of Appeals.  The Michigan Supreme Court denied the

application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Shaver*, 988 N.W.2d 774 (Mich. 2023) (unpublished table decision).

Shaver did not appeal to the United States Supreme Court or seek collateral review before the trial court. Rather, he filed the instant petition for habeas relief.

## STANDARD OF REVIEW PURSUANT TO AEDPA

Review of Shaver's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA prevents a federal court from granting habeas corpus relief based on any claim "adjudicated on the merits" in state court, unless the petitioner can establish that the state court adjudication:

>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), the petitioner must establish that "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Metrish v. Lancaster*, 569 U.S. 351, 357 n.2 (2013) (internal quotation marks and citation omitted).

Under the "unreasonable application" clause of § 2254(d)(1), the petitioner must establish that, after "identif[ying] the correct governing legal principle from the Supreme Court's decisions, [the state court] unreasonably applie[d] that principle to the facts of [his] case." *Hill v. Curtin*, 792 F.3d 670, 676 (6th Cir. 2015) (en banc) (alteration omitted). "[T]he state court's decision must have been more than incorrect or erroneous[;]" rather, it must have been "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003)). "[E]ven 'clear error' will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014).

In other words, the state court's determinations of law and fact must be "so lacking in justification" or "so obviously wrong" as to give rise to error "beyond any possibility for fairminded disagreement." *See Dunn v. Madison*, 138 S. Ct. 9, 12 (2017) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)) and *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (per curiam).

If this rule is to mean anything, a federal court must carefully consider all the reasons and evidence supporting the state court's decision. *Mays v. Hines*¸ 141 S. Ct. 1145, 1149 (2021). "After all, there is no way to hold that a decision was lacking in justification without identifying—let alone rebutting—all of the justifications [for a state court decision]. Any other approach would allow a federal court to essentially evaluate the merits de novo by omitting inconvenient details from its analysis." *Id.* (cleaned up). All that is required to avoid federal habeas relief is "ample room for reasonable disagreement" about the prisoner's claim. *Kayer*, 141 S. Ct. at 520.

Moreover, not just any Supreme Court decision will do under § 2254(d)(1). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta," of the Supreme Court's decisions. *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (internal quotations and citations omitted). Where no Supreme Court case has confronted "the specific question presented" by the habeas petitioner, "the state court's decision [cannot] be contrary to any holding from this Court." *Woods v. Donald*, 575 U.S. at 317 (internal quotation marks and citation omitted). Moreover, the Supreme Court

8

decision must have been on the books at "the time the state court render[ed] its decision." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (internal quotation marks and emphasis omitted); *see also Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("State-court decisions are measured against [the Supreme] Court's precedents as of the time the state court renders its decision.") (internal quotation marks omitted); *see also Shoop v. Hill*, 139 S. Ct. 504, 505 (2019) ("the Court of Appeals relied repeatedly and extensively on our decision in *Moore v. Texas*, 581 U.S. ___ (2017), which was not handed down until long after the state court decisions" and was thus "plainly improper.")

"It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Richter*, 562 U.S. at 101 (internal quotation marks and citation omitted).  As the Supreme Court has repeatedly pointed out, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' " *Kernan v. Cuero*, 138 S. Ct. 4, 8 (2017) (per curiam) (quoting *Glebe v. Frost*, 574 U.S. 21, 23 (2014)) (per curiam).  Likewise, neither do "state-court decisions, treatises, or law review articles" constitute clearly

established Federal law as determined by the Supreme Court. *Cuero*, 138 S. Ct. at 8.

Moreover, federal court of appeals precedent cannot "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 63 (2013) (per curiam) (citation omitted); *see also Lopez v. Smith*, 574 U.S. 1, 6 (2014) (providing that absent a decision by the Supreme Court addressing "the specific question presented by [a] case" a federal court cannot reject a state court's assessment of claim).

Under § 2254(d)(2), the "unreasonable determination" subsection, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Wood v. Allen*, 558 U.S. 290, 293 (2010). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (internal quotation marks and citation omitted).

The Supreme Court has also instructed habeas courts to apply a rebuttable presumption that a "federal claim was adjudicated on the merits" even "[w]hen a state court rejects a federal claim without expressly addressing that claim." *Johnson v. Williams*, 568 U.S. 289, 301 (2013). *See also Kernan v. Hinojosa*, 578 U.S. 412, 416 (2016) (per curiam) ("Containing no statement to the contrary, the Supreme Court of California's summary denial of Hinojosa's petition was therefore on the merits.").

Finally, Shaver's burden is made even heavier by the fact that a federal court is "limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.

# ARGUMENT

I.   **Shaver's first habeas claim – error in plea taking process related to sex offender registry – is unexhausted and not cognizable on habeas review.  Moreover, Shaver has failed to adhere to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, and he has failed to show that the state court adjudication of this claim was either contrary to or an unreasonable application of clearly established Supreme Court precedent.**

A.   **Shaver has failed to adhere to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.**

Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a petitioner must include the facts supporting each ground for relief.  The State recognizes that a pro se pleading is to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But this can only get a habeas petitioner so far. Pursuant to Habeas Rule 2(c), a petitioner must not only specify all the grounds for relief available, but also must "state the facts supporting each ground." *Mayle v. Felix,* 545 U.S. 644, 669 (2005).  A federal court is not required to construct legal arguments for a pro se petitioner.  *See Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).  Nor should the State be required to do so.  Shaver's mere assertion without more is not

enough to satisfy the requirements of Rule 2(c), and thus, habeas relief should be denied.

**B.    To the extent Shaver alleges an error that occurred prior to entering his guilty plea, this claim is not cognizable on habeas review.**

"Generally, a voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (citations omitted). This is so because:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Thus, after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the "voluntary and intelligent character" of the plea itself.  *United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir. 2012); *United States v. Broce*, 488 U.S. 563, 569 (1989).

Therefore, to the extent Shaver claims the trial court erred prior to the entry of his guilty plea, such a claim is barred on habeas review.

**C.    To the extent that Shaver claims his plea was not knowingly and voluntarily made due to the alleged failure to provide notice of imposition prior to his plea, this claim has not been properly exhausted and is without merit.**

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To fulfill the exhaustion requirement, the prisoner must have fairly presented the federal claims to all levels of the state appellate system. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

In the state courts, Shaver did not seek to withdraw his plea, nor did he claim that his plea was unknowingly and involuntarily made. Rather, he only claimed that statutory requirements were not complied with.  Thus, to the extent that Shaver claims his plea was not knowing or voluntarily made because the trial court allegedly did not abide by

Michigan statutory law, this claim has not been exhausted, and habeas relief should be denied.

However, this Court may *deny* a claim on the merits without considering exhaustion when it is more efficient to do so. 28 U.S.C. § 2254(b)(2) (stating that a habeas petition may be denied on the merits despite the failure to exhaust state court remedies); *see also Hudson v. Jones,* 351 F.3d 212, 215–16 (6th Cir. 2003).

A guilty or no contest plea must be voluntarily and knowingly made in order to satisfy the dictates of due process. *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 257 (6th Cir. 1991); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir. 1994)(citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). The defendant must be aware of the "relevant circumstances and likely consequences." *Hart, supra; King, supra.* In general, this means that he must be aware of the maximum sentence that may be imposed. *King*, 17 F.3d at 154. In *United States v. Walker,* 160 F.3d 1078 (6th Cir. 1998), the court found that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to its consequences." *Id.* Further, the "agents of the state may not produce a plea by actual or threatened physical harm or by mental coercion overbearing the will of

the defendant." *Brady v. United States*, 397 U.S. 742, 750 (1970).  In other words, "a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Chizen v. Hunter*, 809 F.2d 560, 561 (9th Cir. 1986)(citing *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary plea by producing a written transcript of the state court proceeding.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id*. at 326-327.  A satisfactory state court transcript containing findings, after a proper colloquy, places upon the petitioner a "heavy burden" to overturn the state findings.  *Id*. at 328.

The plea transcript in this case clearly shows Shaver's plea was voluntarily and intelligently made.  In exchange for his plea of guilty to accosting a minor for immoral purposes, the prosecutor agreed to dismiss one count of contributing to the delinquency of a minor.

(9/29/2021 Hr'g Tr. at 9.)  The prosecutor also agreed, in a separate file, that if Shaver plead guilty to one count of larceny in a building and one count of stealing or retaining without consent a financial transaction device, then the prosecution would dismiss one count of breaking and entering a building with intent and two counts of stealing or retaining without consent a financial transaction device. (9/29/2021 Hr'g Tr. at 9.) Shaver had attempted to plead guilty to this same plea agreement two days earlier, but he appeared to be unwilling to admit to the facts that would provide a proper factual basis to support the plea.  (9/27/2021 Hr'g Tr. at 4–16.)

At the time that Shaver was originally going to plead guilty to the plea agreement, the trial court asked Shaver if he understood that a conviction for accosting a child for immoral purposes was a Tier II offense under Michigan Sex Offender Registration Act – to which Shaver indicated that he understood.  (9/27/2021 Hr'g Tr. at 4.)  Then, two days later when Shaver was willing to put forth a factual basis that would support his plea, Shaver indicated that he understood and agreed with the plea agreement, was not threatened or promised anything in order to plead guilty, that it was his own personal choice to plead guilty,

17

and that he understood everything the trial court had told him.
(2/29/2021 Hr'g Tr. at 9–11.)  He also indicated that he understood all of
the rights that he was giving up by pleading guilty.  (9/29/2021 Hr'g Tr.
at 6–7.)

Shaver then put forth a factual basis to support his plea of guilty
to the count of accosting a child for immoral purposes.  (9/29/2021 Hr'g
Tr. at 12–13.)  The trial court found the pleas were accurate and were
understandingly, knowingly, and voluntarily made.  (9/29/2021 Hr'g Tr.
at 14.)

The state trial court's factual determination that Shaver's plea
was voluntary and knowing is entitled to a presumption of correctness,
*Gilliam v. Mitchell*, 179 F.3d 990 (6th Cir. 1999), and must be given
deference in a federal habeas proceeding if supported by the evidence.
*Norris v. Schotten*, 146 F.3d 314 (6th Cir. 1998).  Shaver, through
counsel, agreed that he had provided a sufficient factual basis to
support his plea, and he has failed to show that plea was not voluntarily
or intelligently made.  Thus, habeas relief should be denied.

18

**D.    Shaver's claim is non-cognizable, and he has failed to show that the state court determination in this case was contrary to or an unreasonable application of clearly established Supreme Court precedent.**

The extraordinary remedy of habeas corpus lies only for a violation of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  "A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [the applicant's] custody violates the Constitution, laws, or treaties of the United States."  *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  *See also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.");  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (federal habeas relief does not lie for errors of state law); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("[a] mere error of state law . . . is not a denial of due process.") (internal quotation marks omitted).  Thus, errors of state law are not grist for the federal habeas mill.  "We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here

as a federal constitutional question." *Gryger v. Burke*, 334 U.S. 728, 731 (1948).

Both the United States Supreme Court and the Sixth Circuit Court of Appeals have held that errors in the application of state law are not to be questioned on habeas review and that federal habeas courts have no authority to interfere in matters of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990). *See also Crane v. Kentucky*, 476 U.S. 683, 689 (1986) (noting the Court's "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts"); *Dowling v. United States,* 493 U.S. 342, 352 (1990) (indicating that introduction of improper evidence does not amount to a violation of due process unless the evidence "is so extremely unfair that its admission violates fundamental conceptions of justice"). Further, a state prisoner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

To the extent that Shaver claims Michigan statutory law was not complied with, as he did in his state court briefing, such a claim is not cognizable on habeas review.  Even if this Court does review Shaver's state court briefing in order to support his claim, no where does Shaver put forth a violation of the United States Constitution, federal laws, or treaties of the United States.  Therefore, habeas relief should be denied.

Moreover, Shaver does not contest that he is *in custody* in violation of the Constitution or laws or treaties of the United States, he merely wishes to be removed from the Michigan Sex Offender Registry. A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Collateral consequences of a criminal conviction, such as the ability "to vote, engage in certain businesses, hold public office, or serve as a juror," are insufficient to satisfy the "in custody" requirement for habeas jurisdiction.  *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989).  If the claims in the petition challenge the collateral consequences of a

21

petitioner's convictions, rather than the custody, it is not cognizable in habeas.  *Id.*

Every federal circuit court to have addressed the question has uniformly held that challenges to requirements to register as sex offenders are not cognizable on habeas review because they do not challenge custody, but rather challenge collateral consequences of criminal convictions.  *See, e.g. Leslie v. Randall*, 296 F.3d 518 (6th Cir. 2002) (Ohio sex offender registry); *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012) (Virginia and Texas); *Virsnieks v. Smith*, 521 F.3d 707 (7th Cir. 2008) (Wisconsin); *Henry v. Lungren*, 164 F.3d 1240 (9th Cir. 1999) (California); *McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999) (Oregon); *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998) (Washington).[3] Thus, if a petitioner is only challenging the requirement that he register

---

[3] The State recognizes that the Michigan Court of Appeals has recently determined that the 2021 Michigan Sex Offender Registry "imposes a criminal punishment on a registrant," *People v. Lymon*, 993 N.W.2d 24, 44 (Mich. Ct. App. 2022), the Michigan Court of Appeals has also acknowledged that the 2021 Michigan Sex Offender Registry is a "punitive collateral consequence." *People v. Nunez*, 994 N.W.2d 824, 831 (Mich. Ct. App. 2022).  Thus, the State asserts that regardless of the punitive nature of Michigan's Sexual Offender Registry, Shaver is still challenging a collateral consequence, and not physical custody.

as a sex offender he is not challenging his "custody" within the meaning of 28 U.S.C. § 2254, and habeas relief is not available.

Although Shaver is currently in the physical custody of the Michigan Department of Corrections, he is not challenging, in this petition, the conviction or prison sentence upon which his confinement is based.  Even in Shaver's state court briefing related to this claim, he did not request to withdraw his plea or be resentenced, he only requested that he not be required to register as a sex offender.  (Pet. Mich. Ct. App. Br., at 3.)  The petition, thus, does not challenge Shaver's "custody" within the meaning of 28 U.S.C. § 2254, and therefore habeas relief should not be available for this claim.

Finally, Shaver not only has Shaver not set forth a violation of the United States Constitution, federal laws, or treaties of the United States, but he has failed to put forth any clearly established Supreme Court precedent of which the state court's determination was contrary to or the state court unreasonable applied.  Clearly established Supreme Court law requires a trial court to inform a criminal defendant of the relevant circumstances and the direct consequences of a plea, *Brady v. United States*, 397 U.S. 742, 748 (1970), but not its collateral

23

consequences.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  Therefore, habeas relief should be denied.

## CONCLUSION

To the extent that Shaver claims his plea was not knowingly and voluntarily made, he cannot be granted relief on this claim because he has not exhausted it in the state courts as detailed above.

In any event, the state courts' rejection of Shaver's claim did not result in decisions that were contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. The state-court decision in this case was not "so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The formidable threshold for granting habeas relief has not been met because fairminded jurists could disagree on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Consequently, habeas relief should be denied.

Additionally, the State opposes any requests for bond, oral argument, or any other relief, including a certificate of appealability. The State also contends that Shaver has not demonstrated entitlement to discovery. Unlike typical civil litigants, "[h]abeas petitioners have no right to automatic discovery." *Johnson v. Mitchell*, 585 F.3d 923, 934

(6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).  Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings under the Federal Rules of Civil Procedure only "for good cause."  R. Governing 2254 Cases in the U.S. Dist. Cts. 6(a).  "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).  "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.' " *Williams*, 380 F.3d at 974 (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)); Habeas Rule 6(a).  "Conclusory allegations are not enough to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact." *Williams*, 380 F.3d at 974 (internal quotation marks and citation omitted).  Shaver has not met this burden.

If this Court denies the petition, the State asserts that Shaver is also not entitled to a certificate of appealability (COA) so as to proceed further.  In order to obtain a COA, a petitioner must make "a

substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  To demonstrate this denial, the petitioner is required to

show that reasonable jurists could debate whether, or agree that, the

petition should have been resolved in a different manner, or that the

issues presented were adequate to deserve encouragement to proceed

further.  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *see also*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling

standard, a petitioner must sho[w] that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further.") (internal

quotation marks and citations omitted).

When a district court rejects a habeas petitioner's constitutional

claims on the merits, the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional

claims to be debatable or wrong.  *Slack*, 529 U.S. at 483–84, *see also*

*Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017) ("To meet *Slack*'s

standard, it is not enough for a petitioner to allege claims that are

arguably *constitutional*; those claims must also be arguably *valid* or *meritorious*.")

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

When a plain procedural bar is present, and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*, *see also Dufresne*, 876 F.3d at 254.

"At the end of the day, 'the gate keeping function of certificates of appealability [is to] separate the constitutional claims that merit the close attention of . . . this court from those claims that have little or no

viability.' " *Dufresne*, 876 F.3d at 254 (quoting *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).  Here, this Court should deny Shaver a COA on all of his claims.  The claims simply "have little or no viability."

## RELIEF

For the reasons stated above, this Court should deny the petition.

The Court should also deny Shaver any requested discovery,

evidentiary hearings, bond, oral argument, and any other relief he

seeks in this action, including a certificate of appealability.

Respectfully submitted,

Dana Nessel
Attorney General

<u>s/Autumn A. Wilmot</u>

Assistant Attorney General
Criminal Trials and Appeals
Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
GrussA2@michigan.gov
P79267

Dated: February 9, 2024
AG #2022-0383461A/Shaver, Dawson/USDC Answer.AAW

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

HONORABLE SHALINA D. KUMAR
MAGISTRATE JUDGE KIMBERLY G. ALTMAN

and I hereby certify that Jessie Kanady has mailed by United States Postal Service the papers to the following non-ECF participant:

DAWSON SHAVER 682779
RICHARD HANDLON CORRECTIONAL FACILITY
1728 W. BLUEWATER HIGHWAY
IONIA, MI  48846

Respectfully submitted,

Dana Nessel
Attorney General

s/Autumn A. Wilmot

Assistant Attorney General
Criminal Trials and Appeals
Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
GrussA2@michigan.gov
P79267

31