UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWSON DOUGLAS SHAVER,

                Petitioner,

v.

NOAH NAGY,

                Respondent.

Case No. 23-11573
Honorable Shalina D. Kumar

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    Introduction

Dawson Douglas Shaver ("Shaver"), a Michigan prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Shaver is serving a prison term for his Gladwin Circuit Court guilty plea conviction of accosting a minor for immoral purposes and lesser offenses. MICH. COMP. LAWS § 750.145. Shaver does not challenge his guilty plea or his imprisonment. Rather, the habeas petition asserts that Shaver should be removed from the sex offender registry because registering as a sex offender was not disclosed at the plea hearing or at sentencing. The

petition will be denied because Shaver's claim does not challenge the fact or duration of his custody as required by § 2254(a).

## II.     Factual and Procedural Background

Shaver admitted under oath at his plea hearing that on April 10, 2021, at a residence in Beaverton, Michigan, he took a twelve-year-old girl into a bedroom with the intent to engage in sexual activity. (ECF No. 12-6, PageID.123-24.) As a result of this conduct, Shaver was charged with accosting a minor for immoral purposes. (ECF No. 12-1, PageID.69.)

At Shaver's initial guilty plea hearing, the trial court informed Shaver that if he pled guilty, he would be subject to Michigan's Sex Offender Registry Act (SORA). (ECF No. 12-5, PageID.98.) The plea hearing was terminated when Shaver was unwilling to testify that he knew the twelve-year-old complainant was under sixteen years old. (*Id.* PageID.110.)

Two days later another plea hearing was held, and Shaver provided an adequate factual basis for his plea. The trial court informed Shaver of the possible sentence he faced if he pled guilty, but it did not inform Shaver again that he would be subject to SORA. (ECF No. 12-6, PageID.115-16.) At sentencing, the trial court imposed a five year term of probation and found that Shaver was subject to SORA. (ECF No. 12-7, PageID.146.)

Roughly seven months later, Shaver was charged with violating the terms of his probation and was also charged with several new criminal offenses. (ECF Nos. 12-2; 12-8.) On August 8, 2022, Shaver pleaded no contest to three of the probation violation charges: (1) violating SORA, (2) failure to notify probation that he was terminated from his employment, and (3) maintaining a verbal sexual relationship with somebody under the age of sixteen. (EFC No. 12-9, PageID.160-66.)

At a September 26, 2022 sentencing hearing, the trial court resentenced Shaver to two to four years in prison. It did not mention SORA. (ECF No. 12-10, PageID.179-80; ECF No. 12-11, PageID.200-201.)

Shaver requested and was appointed appellate counsel who filed an application for leave to appeal in the Michigan Court of Appeals. The application raised two claims:

> I. The order for defendant to be subject to SORA is invalid; SORA is not indicated on the judgment, rendering this provision unenforceable.
>
> II. Is MCL 769.1K(1)(B)(III) unconstitutional because it undermines criminal defendants' rights to appear before a neutral judge and prevents the judicial branch from accomplishing its constitutionally assigned functions of maintaining neutrality in criminal proceedings and in self-regulation.

Significantly, Shaver did not request with respect to his first claim that his plea be invalidated. Rather, the application stated: "Relief. Defendant does not seek to withdraw his plea. The relief which is granted in *Nunez* is the same relief Defendant seeks here: 'We reverse the circuit court and remand for entry of an order removing Nunez from the sex offender registry.'" (ECF No. 12-11, PageID.191.)

The Michigan Court of Appeals affirmed Shaver's conviction in a summary order. (*Id.* PageID.183.) Shaver appealed again, but the Michigan Supreme Court denied leave to appeal. *People v. Shaver*, 988 N.W.2d 774 (Mich. 2023) (Table).

Shaver then filed his federal habeas petition. His terse petition states, "On September 29, 2021, on my plea, sex offender registry wasn't clearly stated on the record." (ECF No. 1, PageID.4.) Shaver does not state the form of relief he seeks. (*Id.* PageID.6.)

### III. Discussion

The Court interprets the petition to be seeking the same relief Shaver sought in state court – his removal from the sex offender registry. It does not appear that Shaver seeks to invalidate his plea because he was not informed of SORA at the second plea hearing. If he did, the petition would

nevertheless be subject to dismissal because such a claim was not first exhausted in the state courts. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Shaver's claim that he should not be listed on the sex offender registry is not cognizable in this habeas corpus action. A federal court has jurisdiction to consider a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Collateral consequences of a criminal conviction, such as the ability "to vote, engage in certain businesses, hold public office, or serve as a juror," are insufficient to satisfy the "in custody" requirement for habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). If the claims in the petition challenge the collateral consequences of the petitioner's convictions rather than the custody, then they are not cognizable on federal habeas review. *Id*.

Federal circuit courts that have addressed this question have held that challenges to requirements to register as a sex offender are not cognizable on habeas review because they do not challenge custody, but

rather challenge collateral consequences of criminal convictions. *See Corridore v. Washington*, 71 F.4th 491, 501 (6th Cir. 2023) (challenge to Michigan's SORA does not satisfy § 2254(a)'s "custody" requirement); *Leslie v. Randall*, 296 F.3d 518 (6th Cir. 2002) (Ohio sex offender registry); *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707 (7th Cir. 2008); *Henry v. Lungren*, 164 F.3d 1240 (9th Cir. 1999); *McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999); *Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir.1998).

Although Shaver is currently in the physical custody of the Michigan Department of Corrections, he is not challenging in this petition the conviction or sentence upon which his confinement is based. His petition for writ of habeas corpus challenges only the SORA requirement that he must register as a sex offender. The petition therefore does not challenge Shaver's "custody" within the meaning of 28 U.S.C. § 2254(a), and habeas relief is not available on his claim.

IV. Conclusion

As the claim raised in the petition is not cognizable, the petition for writ of habeas corpus will be denied.

Before appealing this decision, Shaver must obtain a certificate of appealability. The Court denies a certificate of appealability because jurists of reason would not find it debatable that Shaver is not raising a cognizable claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court also denies permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly, the Court 1) **DENIES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**IT IS SO ORDERED**.

Dated: November 21, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge